IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | CASE NO. 4:11CV3054 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 13.) Respondent submitted a Brief in support of his Motion (Filing No. 15) and State Court Records (Filing No. 14). Petitioner Robert Hillard ("Hillard") filed a Motion for Stay and Abeyance in response to the Motion. (Filing No. 16.)

Liberally construing the allegations contained in Hillard's Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1), he argues that his Petition should be granted for the following reasons:

Claim One: Hillard was denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel did not (1) move for directed verdict at the close of trial; (2) investigate whether Hillard was competent to stand trial; (3) call witnesses to testify at trial; (4) allow Hillard to testify at trial; (5) move for a mistrial when Hillard told him he was on competency medications or when the State "lost, withheld, or destroyed exculpatory evidence"; (6) withdraw as counsel after Hillard filed a motion for new trial; and (7) file a notice of appeal in a timely manner on direct appeal.

Claim Two: Hillard was denied due process of law in violation of the Fourteenth Amendment because (1) the Sheriff prevented him from using his cellular phone to contact 911; (2) he was acting pursuant to Nebraska law when arrested and his arrest was therefore unlawful; (3) the county attorney failed to timely initiate proceedings regarding Hillard's mental health status and the outpatient commitment order.

As set forth in this Memorandum and Order, Respondent's Motion is granted, and Hillard's Petition is dismissed without prejudice.

## I. BACKGROUND

This is Hillard's third petition for habeas corpus relief relating to his September 25, 2007, convictions in Jefferson County, Nebraska. (*See* Case No. 4:08CV3139 and 8:09CV120.) The court refers to Case No. 4:08CV3139, Filing No. 23, for details regarding Hillard's conviction and sentence.

Since the dismissal of Case No. 4:08CV3139, the Nebraska Court of Appeals affirmed Hillard's conviction and sentence in a detailed opinion issued on January 2, 2009. (Filing No. 14-1, Attach. 1, at CM/ECF pp. 1-14.) The Nebraska Supreme Court denied Hillard's petition for further review on February 25, 2009. (Filing No. 14-3, Attach. 3, at CM/ECF p. 3.) On March 30, 2009, Hillard filed a motion for postconviction relief (the "Postconviction Motion") in the Jefferson County District Court. (Filing No. 14-2, Attach. 2, at CM/ECF p. 4.) That court denied Hillard relief, and Hillard appealed. The Nebraska Court of Appeals reversed the Jefferson County District Court, finding that it should not have denied relief without first holding an evidentiary hearing. (*Id.* at CM/ECF pp. 1-10.) The Nebraska Court of Appeals did not address the merits of Hillard's claims in its detailed opinion. (*Id.*) Hillard's Postconviction Motion is still pending in the Jefferson County District Court. (Filing No. 14-5, Attach. 5, at CM/ECF pp. 1-59.)

## II. ANALYSIS

Respondent argues that Hillard's claims are unexhausted. (Filing No. 15.) The court agrees.

As the court has previously informed Hillard, 28 U.S.C. § 2254(b)(1) states:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the Hillard. See Akins v. Kenney, 410 F. 3d 451, 454-55 (8th Cir. 2005).

Here, Hillard did not invoke one complete round of the Nebraska appellate review process for his habeas claims, as Hillard's Postconviction Motion is still pending. (Filing No. 14-5, Attach. 5, at CM/ECF pp. 1-59.) Without making a specific finding regarding the

merits of Hillard's habeas claims, at least a portion of his habeas claims are at issue in the pending Postconviction Motion. As such, Hillard has not yet exhausted his claims.[1]

Hillard requests that the court "stay and abey" these proceedings until his Postconviction Motion is resolved. (Filing No. 16.) A federal district court has the discretion to stay a mixed petition only in limited circumstances. *Rhines v. Weber,* 544 U.S. 269, 277 (2005). A mixed petition is "a single petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271. Stay and abeyance of a mixed petition "is only appropriate when the district court determines there was good cause for the Hillard's failure to exhaust his claims first in state court." *Id.* at 277. Although the Petition is mixed, the court sees no reason to stay these proceedings. The merits of the Postconviction Motion have not been addressed in state district court. In light of this, it may take years before the Postconviction Motion, and all related appeal proceedings, conclude. In addition, it appears that little, if any, time passed which would be counted in determining whether the one-year statute of limitations under the

---

[1]To be clear, the Petition is dismissed because the claims are premature, or "unripe." The court makes no finding on the merits of the Petition and a subsequent petition raising these claims should not be considered "successive" based on this Memorandum and Order. *See Stewart v. Martinez- Villareal,* 523 U.S. 637, 644 (1998) (holding that habeas corpus claims are successive only if they were previously decided on the merits and stating that "none of our cases expounding this doctrine have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition"); *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir. 2003) (noting that "[a] claim raised in a prior petition that was dismissed as unripe" is not considered successive).

Antiterrorism and Effective Death Penalty Act of 1996 has elapsed.[2] As such, stay of these proceedings is not warranted.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 13) is granted, and the Petition is dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. All other pending Motions are denied.

DATED this 29th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2]The conclusion of direct review of Hillard's conviction and sentence occurred on February 25, 2009. (Filing No. 14-3, Attach. 3, at CM/ECF p. 3.) Hillard filed his Postconviction Motion on March 30, 2009, during the 90-day period for seeking a writ of certiorari in the United States Supreme Court. Thus, no time elapsed between the conclusion of direct review and the Hillard's postconviction proceedings. Hillard's postconviction proceedings have been proceeding ever since, tolling the statute of limitations period. *Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.